### JUDD v. BANKERS' & MERCHANTS' TEL. CO. and others.

*(Circuit Court S. D. New York.   June 16, 1887.)*

**COURTS—CONFLICT OF JURISDICTION—RECEIVER.**
The rule that the court first taking cognizance of a controversy is entitled to possession and control of the subject-matter thereof to the exclusion of all other courts of co-ordinate jurisdiction applied, denying a motion for a receiver, and an injunction *pendente lite* in a suit by a creditor in a federal court to get in the assets, and distribute the property of an insolvent corporation among its creditors, where suits had already been brought in the state court by other creditors to obtain the same relief, and a receiver appointed in such suits was in possession and control of the property of the corporation.

Motion for Receiver and Injunction *Pendente Lite.*
*D. C. Chatwood,* for complainant.
*H. B. Turner* and *R. G. Ingersoll,* for defendants.

WALLACE, J. This motion for a receiver and an injunction *pendente lite,* if granted, would result in an unseemly and unnecessary interference with the jurisdiction of the supreme court of this state in the proceedings now pending in that court. The complainant by his bill asks this court to get in the assets and distribute the property of an insolvent corporation among its creditors, of whom he is one, when the state court, at the instance of other creditors, has already taken jurisdiction in suits brought against the corporation to obtain the same relief, and is now by its receiver in possession and control of the property of the corporation. Three suits are now pending in the supreme court of the state of New York, —one brought by a judgment creditor to obtain a sequestration of the property of the corporation; another brought by a holder of mortgage bonds situated similarly to the present complainant, in behalf of himself and all other bondholders, to secure an equitable distribution of the property of the corporation among its creditors; and another brought by the trustees for the bondholders in the mortgage for a foreclosure of the mortgage. Receivers were appointed in the first suit, and, after the second suit was commenced, the receivers appointed in the first suit were appointed receivers in the second suit, and all their proceedings in the first were approved by the order of the court in the second suit; so that both suits have been treated by the state court practically as one proceeding.

The action brought by the trustee for a foreclosure of the mortgage has proceeded to a decree and a sale of the mortgaged premises, and by the decree in that action it was ordered that receivers' certificates issued by order of the court in the first two suits, which had been negotiated by the receivers, and amounted to something over $600,000 at the time of sale, should be received towards payment of the purchase money, the certificates having been made a prior lien to the mortgage by the orders of the court.

Thus it appears that the state court is now in control of all the property and assets of the corporation, and is attempting to administer them, and appropriate the proceeds to those to whom they belong. The jurisdiction of the state court is not questioned, but the bill asserts that grave irregularities have taken place in the proceedings, and that the suits have been controlled by parties acting collusively, to advance their own interests at the expense of the complainant and those similarly situated. All the averments in the bill charging fraud and collusion in the proceedings in the state court are fully met and denied by the answers of the several defendants. The trustee for the mortgage bondholders was a party defendant in the second suit. If the complainant's interests have not been properly protected in the proceedings in the state court, he has an ample remedy as a party in interest in the proceedings there, upon sufficient cause shown, to obtain redress by intervening in his own behalf.

The case is one for the application of the rule that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and to take possession and control of the subject-matter of the investigation to the exclusion of all interference by other courts of co-ordinate jurisdiction. *Williams* v. *Benedict*, 8 How. 111; *Taylor* v. *Carryl*, 20 How. 583; *Hagan* v. *Lucas*, 10 Pet. 400; *Buck* v. *Colbath*, 3 Wall. 334; *Heidritter* v. *Elizabeth Oil-Cloth Co.*, 112 U. S. 294, 5 Sup. Ct. Rep. 135; *Schuehle* v. *Reiman*, 86 N. Y. 270; *Union Trust Co.* v. *Rockford, R. I. & St. L. R. Co.*, 6 Biss. 197; *Sedgwick* v. *Menck*, 6 Blatchf. 156.

In *Young* v. *Montgomery & E. R. Co.*, 2 Woods, 606, 619, the court refused to assume to take possession of and administer property which was in possession of another court, and in course of administration there, although that court had granted leave to sue its receiver for the purpose.

The motion is denied.