HOWLETT v. CENTRAL CAROLINA LAND & IMP. CO. et al.

(Circuit Court, D. South Carolina. May 19, 1893.)

COURTS—STATE AND FEDERAL—CONFLICTING JURISDICTION.

A creditors' bill was filed in the United States circuit court, the ordinary rule to show cause was issued, with a restraining order, and a temporary receiver was appointed. At the return day of the rule defendants showed that a similar proceeding had been theretofore begun in the state court, and jurisdiction duly acquired. *Held* that, as the proceedings had in the federal court were merely preliminary and ex parte, no further action would be taken therein until the course of the state court had been developed.

In Equity. Suit by Alfred A. Howlett against the Central Carolina Land & Improvement Company, Frank Williams, and Sidney Turley.

Knox Livingston, for complainant.

C. S. Nettles, Moise & Lee, and Edward O. Woods, for defendants.

SIMONTON, District Judge. On the 20th of April last the bill, —a creditors' bill—was filed in this court, Knox Livingston, Esq., signing the bill as attorney, praying, among other things, the appointment of a receiver. The ordinary rule to show cause was issued, with restraining order, and a temporary receiver was appointed. The rule was made returnable on 17th May current. The corporation defendant answered on 13th May, 1893, by A. A. Howlett, its president. Subpoenas ad respondendum were issued, but were never served on the other defendants, judgment creditors, of the corporation. On the day fixed for the return to the rule, Williams and Turley, named as defendants in the bill, appeared, and with them counsel for the Simonds National Bank and the Bank of Sumter, who are stated in the bill to be judgment creditors of the defendant corporation, but who were not made parties defendant; and also other counsel representing parties who claim to be creditors. They show cause under the rule as follows: On 30th March, 1893, a summons was duly issued out of the court of common pleas for Sumter county in the state of South Carolina, in the name of the Simonds National Bank and the Bank of Sumter against the Central Land & Improvement Company, whereby an action was commenced against said company in the nature of a creditors' bill for the settlement of its affairs; that said summons was lodged in the office of the sheriff of the said county, and was personally served on A. A. Howlett, its president; that some four days afterwards, Knox Livingston, Esq., appeared for said defendant, and demanded a copy of the complaint; that the complaint was filed, and a copy thereof duly served on him by mail on 22d April, 1893. They contend that by these proceedings the jurisdiction of the state court attached in this case, and they submit that under these circumstances this court will not interfere.

In South Carolina, civil actions are commenced by the service of a summons. Code Civil Proc. § 148. A copy of the complaint need not be served with the summons. Id. § 151. From the time of the

service of the summons in a civil action the court is deemed to have acquired jurisdiction and to have control of all the subsequent proceedings. Id. § 160. There can be no doubt that on 30th March, 1893, when the summons was served on the defendant, the state court acquired jurisdiction over the case and all subsequent proceedings therein. The pendency of the action in the state court would not abate this suit, or deprive this court of jurisdiction. Gordon v. Gilfoil, 99 U. S. 178. The matter presents itself to the discretion of the court, and calls upon it to decide whether, after notice of the pendency of proceedings of the same character in the state court, it will not stay its hands. The language of the supreme court in Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. Rep. 355, though not bearing directly on this question, throws light upon it:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience."

In the leading case of Taylor v. Carryl, 20 How. 597, affirming Peck v. Jenness, 7 How. 612, the court adopts this language:

"When a court has jurisdiction, it has a right to decide every question which occurs in the cause; and when the jurisdiction of the court and the right of the plaintiff to prosecute his suit have once attached, that right cannot be arrested or taken away by proceedings in another suit. These rules have their foundation not merely in comity, but in necessity. If one may enjoin, the other may retort by injunction, and thus the party be without remedy, being liable to a process for contempt in one if they dare proceed in the other. Neither can either take property from custody of the other by replevin or any other process, for this would produce a conflict extremely embarrassing to the administration of justice."

The same case, in the words of Mr. Justice Campbell, at page 595, says:

"It forms a recognized portion of the duty of this court to give preference to such principles and methods of procedure as shall serve to conciliate the distinct and independent tribunals of the states and of the Union, so that they may co-operate as harmonious members of a judicial system coextensive with the United States, and submitting to the paramount authority of the same constitution, laws, and federal obligations. The decisions of this court that disclose such an aim, and that embody the principles and modes of administration to accomplish it, have gone from the court with authority, and have returned to it, bringing the vigor and strength that is always imparted to magistrates of whatever class, by the approbation and confidence of those submitted to their government."

It is a familiar doctrine that when a court has acquired jurisdiction it can and will retain it for all purposes within its scope. Ober v. Gallagher, 93 U. S. 199; Buck v. Colbath, 3 Wall. 334; Wilmer v. Railroad Co., 2 Woods, 409.

What has heretofore been done in this court is merely preliminary—we may say, tentative—in its character. The proceedings were ex parte. All orders were temporary, based entirely on the surface of the statements made, reserved for full investigation and

determination upon the hearing of the rule to show cause. The appointment of a temporary receiver was simply to prevent any waste or loss pending this hearing. The control of the case has not been assumed. The proceedings in the state court are in full conformity with the practice of that court. It gave jurisdiction to it before that of this court attached. It is a creditors' bill, just as this is a creditors' bill. The same character of relief is asked in that case as in the case here. There can be no special reason for trying the case here. Ample justice can be done in the state court as here. Obeying and heartily indorsing the law laid down by the supreme court, this court will hold its hand. No further action will be taken until the course of the state court has been developed.