## HATCH v. BANCROFT-THOMPSON CO. et al.

### (Circuit Court, E. D. Michigan. May 10, 1895.)

### No. 3,354.

1. EQUITY PRACTICE—PLEA SUPPORTED BY ANSWER—EQUITY RULES.

The only method by which complainant may test the sufficiency of a plea, or, if its sufficiency be conceded, the truth of its averments, is that provided by equity rule 33, and consists either in setting down the plea to be argued, or in taking issue upon it as to the facts; and where a plea in bar is supported by answer, as provided by equity rule 32, complainant cannot properly except to the answer for insufficiency, and at the same time move to quash the plea; and, if he does so, it must be held that, by excepting to the answer, he admits the validity of the plea.

2. EQUITY PLEADING—EXCEPTIONS TO ANSWER—RULE 39.

Under equity rule 39, an answer in support of a plea in bar is not subject to exception because it fails to answer all the specific interrogatories attached to the bill.

3. STATE AND FEDERAL COURTS—COMITY—CREDITORS' BILLS.

Under the Michigan statutes relating to creditors' bills (How. Ann. St. §§ 6614–6618), and conferring upon the state circuit courts certain powers in respect to corporations (chapter 281, §§ 8148–8173), as construed by the state courts (Turnbull v. Lumber Co., 21 N. W. 375, 55 Mich. 387, and Bank of Montreal v. J. E. Potts Salt & Lumber Co., 51 N. W. 512, 90 Mich. 345), a creditor who has procured a judgment in a federal court against a corporation is entitled to intervene on a footing of equality in a creditor's suit pending in a state court; and, after jurisdiction has fully vested in the state court, a federal court will refuse, on the ground of comity, to proceed on a bill subsequently filed by such creditor, to procure the same relief as that prayed in the state court, and will take such action as will leave complainant free to resort to the state court, or will stay its hand until that litigation is ended.

This was a creditors' bill brought by Edward P. Hatch, doing business under the firm name and style of Lord & Taylor, against the Bancroft-Thompson Company, Frederick A. Bancroft, John W. Thompson, Charles R. Hawley, William Butler, Lawrence E. Christopher, Benjamin M. Hawley, Joseph W. Fitzgerald, and John L. Bassingthwait. The case was heard upon exceptions to the answer, and also upon a motion to quash the plea.

The bill of complaint in this cause was filed on the 4th day of September, 1893, and shows that the complainant, who is a citizen of the state of New York, obtained a judgment against the Bancroft-Thompson Company, a corporation organized under the laws of the state of Michigan, in this court, on the law side thereof, June 28, 1893, for $2,575.43, and costs, taxed at $31.45, on which judgment an execution was duly issued, and placed in the hands of the marshal of this district for collection. Said writ of execution was duly returned August 25, 1893, by the marshal, wholly unsatisfied. The judgment remains in full force and effect, wholly unpaid, and there is still due the complainant thereon the full amount thereof, with interest and costs. The purpose of the bill is to reach, in favor of the judgment creditor, equitable assets of the Bancroft-Thompson Company, and compel the discovery of concealed property and assets, and for other and incidental relief. The defendants named in the bill are the corporation, and its officers and stockholders, who, it is charged, have bought property of the corporation defendant, and a part of the relief sought is that these persons pay money into the company, which shall be applied to the satisfaction of complainant's claim. The gravamen of the bill is alleged frauds committed by defendants, which may be summarized briefly, as follows: (1) A fraudulent organization of the

company to have it substituted as a debtor in place of the copartnership previously existing, whose assets it acquired; (2) fraudulent overvaluation of property turned over of the company as capital stock subscription, and in nonpayment of capital stock of the corporation; (3) the fraudulent giving of a mortgage on the property of the corporation; (4) fraudulent sales of goods to defendant C. R. Hawley; (5) the fraudulent foreclosure of the mortgage; (6) the fraudulent purchase by C. R. Hawley & Co. of the property of the company at the foreclosure sale had under said mortgage; (7) the fraudulent diversion of the profits and property of the corporation to the use and benefit of its directors and stockholders, to the detriment of the bona fide debtors of the company. Twenty-seven specific interrogatories are propounded, which the bill prays may be answered by the defendants.

The defendants have filed a plea to the bill, setting forth, in substance, that, under and pursuant to the statutes and practice of the state of Michigan, a similar bill on judgments of claim in the circuit court for the county of Bay, in chancery, was filed in that court by James McCreary and others against the defendants on the 16th day of February, 1892, and a second and like bill was filed in said state court against the defendants in this suit by Marshal Field and others, who are also judgment creditors of the defendant corporation; and that the purpose and object and the charges in said bills and the relief sought thereby were identical in substance and effect with those contained in the bill in this cause, except that the complainant here was not a party to said bills in said state courts, and the amounts of the judgments are different. The proceedings on said bills in said state courts were founded upon sections 6614–6615, and also chapter 281, How. Ann. St. Mich., which confer jurisdiction upon a court of chancery in behalf of a creditor "who has obtained judgment at law, and who has been unable to collect the same upon execution, in whole or in part, to compel a discovery of any property or things in action, belonging to the defendant, and of any property, money or things in action due to him or held in trust for him, and to prevent the transfer of any such property, money or things in action or the payment or delivery thereof to the defendant, except where such trust has proceeded from some other person than the defendant." Chapter 281, § 8150, of Howell's Statutes enacts that the circuit court within the proper county shall have jurisdiction over directors, managers, trustees, and other officers of corporations, and over any persons who may have held such offices in any corporation, provided that proceedings are commenced within one year after they have become managers, trustees, and other officers: "(1) To compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge. (2) To decree and compel payment by them to the corporation whom they represent, and to its creditors, of all sums of money of the value of all property which they may have acquired to themselves or transferred to others, or may have lost by any violation of their duties as such directors, managers, trustees, or other officers. * * * (7) To set aside all alienations of property made by the trustees or other officers of any corporation, contrary to the provisions of law or for purposes foreign to the lawful business and objects of such corporation in cases where the persons receiving such alienations know the purpose for which the same was made. (8) To restrain and prevent any such alienation in cases where it may be threatened or there may be reason to apprehend that it is intended to be made." Section 5 of this statute enacts that the jurisdiction conferred in the third section of the chapter shall be exercised as in ordinary cases, on bill or on petition, as the case may require, or as the court may direct, at the instance, among others mentioned, of any creditor of such corporation. And section 6 provides: "Whenever a judgment at law or a decree in chancery shall be obtained against any corporation incorporated under the laws of this state and the execution issued thereon shall have been returned unsatisfied in part or in whole, upon the petition of the person, obtaining such judgment or decree, or his representatives, the circuit court within the proper county may sequestrate the stock, property, things in action and effects of such corporation and may appoint a receiver of the same." The plea sets forth that in and by virtue of the said suits of McCreary and others and Field and others, so pending and undisposed of in

the circuit court for the county of Bay, in chancery, the said court has ac-
quired and "has full jurisdiction, control, and custody of all the estate and
property of the Bancroft-Thompson Company, and of all the debts and prop-
erty owing by any person on any account to said Bancroft-Thompson Com-
pany, with the power and right to order a disposition thereof, and that this
court ought not, by reason of said matters and things, to take jurisdiction of
this suit"; and prays judgment whether the defendants ought to be com-
pelled to make any other or further answer to complainant's bill: This plea
is properly verified, and is supported by an answer under general equity rule
32, fortifying the plea, and explicitly denying the fraud and combination
charged in the bill and the facts on which the charge is founded. The answer
does not set forth all the information called for by the interrogatories an-
nexed to the bill. The complainant has filed exceptions to the answer for in-
sufficiency, because the specific interrogatories attached to the bill are not
answered. In addition to his exceptions and simultaneously therewith, com-
plainant moved to quash defendants' plea, on the ground of insufficiency, and
for a decree in conformity to the prayer of the bill.

Jones, Samuels & Culver, for complainant.
C. L. Collins, for defendants.

SWAN, District Judge (after stating the facts). The plea in this
cause, in accordance with the requirements of general equity rule 31,
has attached the certificate of counsel that, in his opinion, it is well
founded in point of law, and it is supported by the affidavit of the
defendants Bancroft, Hawley, Thompson, and Bassingthwait that
it is not interposed for delay, and is true in point of fact. By gen-
eral equity rule 33, it is provided that the plaintiff may set down
the plea to be argued, or he may take issue upon it, and if, upon an
issue, "the facts stated in the plea be determined for the defendant,
they shall avail him as far as, in law and equity, they ought to avail
him." This rule provides the only two methods by which the plain-
tiff may test the sufficiency of the plea, or, if that be conceded, the
truth of its averments. The course pursued by the complainant is
an innovation upon chancery practice, which is excluded by the very
terms of the rule, and which has no sanction in the equity practice
of the federal courts. It was plainly the duty of the complainant,
if he questioned the sufficiency of this plea, to set down the same
for argument; and, unless he intended to admit its validity, he could
not, before it had been argued, test the sufficiency of the answer by
exceptions, without admitting the validity of the plea.

The rule laid down in Daniell's Chancery Practice is as follows:

"If a plaintiff conceives an answer to interrogatories to be insufficient, he
should take exceptions to it, stating such parts of the interrogatories as are
not answered, and praying that the defendant may, in such respect, put in a
full answer. If, however, the answer is one which accompanies a plea or a
demurrer to part of a bill, he must, unless he intends to admit the validity
of the plea or demurrer, wait until it has been argued, for his exceptions
would operate as an admission of its validity." 1 Daniell, Ch. Pl. & Prac.
pp. 691, 760; Darnell v. Reyny, 1 Vern. 344; Brownell v. Curtis, 10 Paige,
210; Buchanan v. Hodgson, 11 Beav. 368.

Upon this ground, therefore, the plea must be sustained.
By general equity rule 38:

"If the plaintiff shall not reply to any plea or set down any plea or de-
murrer for argument on the rule day when the same is filed, or on the next

succeeding rule day, he shall be deemed to admit the truth and sufficiency thereof, and his bill shall be dismissed as of course, unless a judge of the court shall allow him further time for the purpose."

This rule seems equally fatal to complainant's position.

The course pursued by the complainant in excepting to the sufficiency of the answer seems to have been taken without thought of the effect of general rule No. 39, which provides as follows:

"The rule that if a defendant submits to answer he shall answer fully all the matters of the bill, shall no longer apply in cases where he might, by plea, protect himself from such answer and discovery, and the defendant shall be entitled in all cases by answer, to insist upon all matters of defense (not being matters of abatement or to the character of the parties or matters of form) in bar of or to the merits of the bill in which he may be entitled to avail himself by a plea in bar; and in such answer he shall not be compellable to answer any other matters than he would be compellable to answer and discover upon filing a plea in bar and an answer in support of such plea, touching the matters set forth in the bill to avoid or repel the bar or defense. * * *"

Rule 39 is considered by the late Justice Bradley in Gaines v. Agnelly, 1 Woods, 238, Fed. Cas. No. 5,173. The learned justice there says that the general effect of the rule is to leave the complainant under the burden of proving his bill, and take from him the benefit of defendant's answer.

"This disadvantage is compensated for in some degree by the liability of the defendant to be called as a witness in the case. Still, the general effect of the new rule being such as I have stated, it seems to be no longer a ground of exception where the answer sets up a bar to the whole bill, and claims the benefit of it, as of a plea in bar, that it does not fully answer the allegations of the bill. If the bar set up and claimed as such be insufficient, or if it be unsupported by proper averments or by a proper answer to rebut allegations of the bill repugnant to the bar, the complainant may, except for insufficiency, set the cause down on bill and answer only, or file a replication, and proceed to proofs according to the exigency of the case. If the bar set up should be insufficient as such, I think the complainant would be entitled to exception as for want of a full answer; and, to avoid answering the exceptions, the defendant in such case would require leave of the court before he could amend the bar set up in the answer. * * * From this view of the subject, it is manifest that, if the bar set up in the answer is a sufficient defense to the whole relief sought by the bill, it is immaterial whether the defendant answer the allegations of the bill or not. He is not bound to answer them, and the rule no longer applies that if the defendant does answer at all, even on matters outside of the bar, he must answer fully. If that rule did apply, it would have the effect to convert the answer in such a case into a strict plea in bar. Any divergence of statement, any notice of the allegations of the bill outside of the strict line of the defense, would be held a waiver of the bar, and would subject the defendant to the old burden of a full answer. I do not think that this would be a sound construction of the rule."

If, however, we assume that the motion to quash the plea should be held to be the equivalent of setting down the plea for argument, and ignore the admission of the sufficiency of the plea made by the exceptions to the answer, the matter pleaded forbids the interference of this court to grant the relief prayed by the bill.

The cases of Turnbull v. Lumber Co., 55 Mich. 387, 21 N. W. 375, and Bank of Montreal v. J. E. Potts Salt & Lumber Co., 90 Mich.

3.15, 51 N. W. 512, have construed the statute under which the proceedings were had which are set forth in the plea as pending in the circuit court for the county of Bay in chancery, and define their effect.   In the first-named case the court say the statute giving the court of chancery jurisdiction to restrain the transfer of any property found to belong to a judgment debtor, an execution against whom has been returned unsatisfied (How. Ann. St. Mich. §§ 6614–6616), is in pari materia with chapter 281, §§ 8148–8173, which give the circuit court jurisdiction over the directors and officers of a corporation, and provides that, at the instance of any creditor, such jurisdiction may be exercised on bill or petition, and the property of the corporation put into a receiver's hands; that the stock and property of an insolvent corporation is a trust fund for the payment of its creditors, and among such creditors the maxim holds that equality is equity.

"The statute recognizes this maxim, and declares that the court shall upon final decree cause a just and fair distribution of the property of such corporation and of the proceeds thereof to be made among the fair and honest creditors of such corporation in proportion to their respective debts. Any creditor of a corporation is entitled to come in by bill or petition, and establish his claim, and share in the assets; and this he may do although the bill is not filed in behalf of all creditors, or of such as should come in and share the expense. The object of the statute is to bring all the property of a corporation so circumstanced—i. e. 'insolvent'—within the control and disposition of the court, to the end that it may distribute it equally and ratably among all the honest creditors of the corporation."

This case is cited and approved in Bank of Montreal v. J. E. Potts Salt & Lumber Co., 90 Mich. 345, 51 N. W. 512.   The procedure under it is pointed out in McCreery v. Cobb, 93 Mich. 463, 53 N. W. 613.   In the latter case the court held that the suit brought by McCreery and other judgment creditors of the Bancroft-Thompson Company was a proceeding under chapter 281, How. Ann. St.

These adjudications on the provisions of the statute negative the claim made by the complainant in this cause that he would not be permitted to intervene or be entitled to the privileges of a judgment creditor in the circuit court for the county of Bay, because complainant's judgment was rendered on the law side of this court.   The case of Steere v. Hoagland, 39 Ill. 264, holding that a creditors' bill will not lie in a state court on judgment obtained in the federal court, can scarcely be accepted as law.   The earlier case of Brown v. Bates, 10 Ala. 432, is a direct authority to the contrary, and, as it seems to me, founded upon a better reason.   However that may be, the language and spirit of the Michigan statutes regulating the remedies of judgment creditors in equity seem to leave no doubt of the competency and readiness of the state courts to administer equal remedies to all judgment creditors alike.   Again, it is evident that under the provisions of the Michigan statutes and the liberal interpretation which they have received, the remedy which they provide is ample to protect the rights of all, and was designed to secure an equitable division of the judgment debtor's effects among those entitled.

Where such a bill as that pending in the state court has been filed, usually the courts will not permit other creditors to file a similar bill, but will require all creditors to join in one proceeding (Crease v. Babcock, 10 Metc. [Mass.] 525); for judgment creditors obtain no preference by filing a bill, as the decree must provide for all creditors (Morgan v. Railroad Co., 10 Paige, 290). It is manifest that this rule is founded upon considerations of equity, and its purpose is to avoid the infliction of needless hardship and expense upon the judgment debtor. This is the accepted rule in Michigan, whose laws regulate and control the relation of corporations and their debtors, as well as their officers and stockholders.

While it is true, as a rule, that the jurisdiction of the courts of the United States over a controversy between citizens of different states cannot be impaired by the laws of the states which prescribe the modes of redress in their own courts, or which regulate the distribution of their judicial power, yet, unfortunately for complainant, the single qualification of this principle includes his case, since the property he seeks to reach is now in the course of administration in another tribunal of competent jurisdiction. It is clear from the facts stated and the effect and operation of the proceedings pending in the circuit court for the county of Bay, in chancery, at the instance of the judgment creditors mentioned in defendants' plea, from the provisions of the statutes upon which these proceedings are founded, and the admitted fact that the suits in the state court were begun and jurisdiction thereof had fully vested in that court long prior to the commencement of this suit, that the rule of comity prevailing between the federal and state court requires that the state court should be permitted to complete its work and conduct of the proceedings there pending to final disposition without the interference of other courts. The bill in this case prays for an accounting for the appointment of a receiver for the taking into possession the assets of the corporation defendant, and their distribution, at least, in part, for the benefit of the complainant. This is the very scheme and object of the suits in the state court, and the relief here prayed is that which the state court has undertaken to grant to all creditors ratably. The court, therefore, is asked in effect, by complainant's bill, to divest the state court of its lawfully acquired jurisdiction, and assume the same to itself.

The authorities requiring the observance of the rule of comity universally obtaining between courts of concurrent jurisdiction, and forbidding this court to interfere under such circumstances, are numerous.

In Peck v. Jenness, 7 How. 612-626, the court says:

"It is a doctrine of law too long established to require citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the case; and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where jurisdiction of a court and the right of a plaintiff to prosecute his suit in it have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity; for, if one may enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable to a

process for contempt in one if they dare to proceed in the other. Neither can one take property from the custody of another by replevin or by any other process; for this would produce a conflict extremely embarrassing to the administration of justice."

To the same effect is Taylor v. Carryl, 20 How. 597.

In Taylor v. Taintor, 16 Wall. 366, it is said that:

"Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted; and this rule applies alike in both civil and criminal cases. It is, indeed, a principle of universal jurisprudence that, where jurisdiction has attached to person or thing, it is (unless there is some provision to the contrary) exclusive in effect until it has wrought its function."

In Wiswall v. Sampson, 14 How. 53, the controversy was as to the title of real estate: one party claiming under a sale of an execution issued on judgments rendered in the circuit court of the United States, the property being at the time of the sale in the possession of a receiver of a state court, under whose subsequent decree and sale the defendant claimed title. It is a significant fact that, at the time of the appointment of the receiver by the state court, the executions upon the judgments had been issued and levied, and were a subsisting lien upon the premises. It was said in that case by Mr. Justice Nelson delivering the opinion of the court:

"It has been argued that a sale of the premises on execution and purchase occasioned no interference with the possession of the receiver, and hence no contempt of the authority of the court, and that the sale, therefore, in such a case, should be upheld. But, conceding the proceedings did not disturb the possession of the receiver, the argument does not meet the objection. The property is a fund in court to abide the event of the litigation, and to be applied to the payment of the judgment creditor who has filed his bill to remove impediments in the way of his execution. If he has succeeded in establishing his right to the application of any portion of the fund, it is the duty of the court to see that such application is made. And, in order to effect this, the court must administer it, independently of any rights acquired by third persons pending the litigation; otherwise, the whole fund may have passed out of its hands before the final decree, and the litigation become fruitless."

In Heidritter v. Oil-Cloth Co., 112 U. S. 294, 5 Sup. Ct. 135, Mr. Justice Matthews, discussing the effect to be given to proceedings in the state court to enforce a mechanic's lien upon property in the custody and possession of the district court of the United States, says:

"When the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession or that dominion which is equivalent draws to itself the exclusive right to dispose of it for the purpose of this jurisdiction."

In the same line are Coal Co. v. McCreery, 141 U. S. 475, 12 Sup. Ct. 28; Railroad Co. v. Vinet, 132 U. S. 565, 10 Sup. Ct. 168; Sharon v. Terry, 36 Fed. 337; Howlett v. Improvement Co., 56 Fed. 161; Gaylord v. Railroad Co., 6 Biss. 286–291, Fed. Cas. No. 5,284; Judd v. Telegraph Co., 31 Fed. 182.

In the last case a motion was made for a receiver and an injunction pendente lite by a creditor in the federal court, who sought to get in the assets and distribute the property of an insolvent corpo-

ration among its creditors, where suits had already been brought in the state court by other creditors to obtain the same relief. The bill also contained allegations of grave irregularities in the proceedings in the state court, which were evidently advanced to sustain the application for the interference of the federal court. Judge Wallace applied the rule that the state court, having first taken cognizance of the controversy, was entitled to retain jurisdiction to the end of the litigation, and to take possession and control of the subject-matter of the investigation, to the exclusion of all interference of other courts of co-ordinate jurisdiction.

See, also, Young v. Railroad Co., 2 Woods, 606-619, Fed. Cas. No. 18,166; Union Trust Co. v. Railroad Co., 6 Biss. 197, Fed. Cas. No. 14,401.

It is manifest from these authorities that until the proceedings in the suit pending in the state court have come to an end, and the property in controversy is no longer in the possession of that court, this court is powerless to afford complainant relief. The conditions require that this court should stay its hand, and leave the complainant free to pursue his remedy in the state court, by intervening in that suit for the assertion and protection of his rights, or to permit him to await here the result of that litigation, and take such further proceedings as may be shown to be necessary and permissible. In order that the complainant's right to redress may not be defeated, he may have leave to dismiss his bill without prejudice, so that he may safely intervene in the state court.

As it is not questioned that the proceedings pleaded in behalf of defendants are still pending in the state court, and as the doors of that tribunal are open to all judgment creditors alike, in view of the considerations stated, and of the further fact that many of the interrogatories call for the contents of books and papers which the defendants could be compelled to produce at the instance of complainant, unless such books and papers are in the custody of the state court, as presumably they are (and, if such be the case, it is an additional ground for our conclusion), the motion to quash the plea is denied, and the exceptions to the sufficiency of the answer are overruled.