## Dominique Riopelle v. John F. Doellner and others.

*Demurrer: Amended bill: Original bill: Appeal: Record.* Where, on a demurrer being sustained, an amended bill has been filed, which is also demurred to and the demurrer sustained, on an appeal from the decree sustaining the second demurrer, the original bill is part of the record, and should be included in the return to the appeal.

*Bill for discovery.* A bill for discovery will not lie where the facts sought to be discovered are within the knowledge of any witness, or where the court of law in which the proceedings are pending has means of compelling the defendant to make disclosures.

RIOPELLE v. DOELLNER.

*Witnesses: Parties: Bill for discovery.* Under our statutes allowing parties to become general witnesses, there seems to be no further office for a bill of discovery.

*Heard and decided October 31.*

Appeal in Chancery from Wayne Circuit.

A demurrer having been interposed to the original bill, was sustained, and an amended bill filed, which was also demurred to, and demurrer sustained, and the bill dismissed. From this decree complainant appealed, and had returned as the record, the amended bill and demurrer to it, but not the original bill.

*L. T. Griffin*, for defendants, moved for a further return, which should include the original bill.

*Otto Kirchner*, for complainant, argued that the questions to be considered on the appeal arose upon the amended bill only, and that the return and printing of the original bill would entail needless expense upon the parties.

THE COURT held that the original bill was part of the record, and although it is not easy to see what bearing it can have on the questions raised by the appeal, still the defendants are entitled under our statute, to have the whole record sent up, if they insist upon it.

Ordered accordingly.

———

This was a bill for a discovery and for an injunction to restrain proceedings in a suit brought by Doellner as plaintiff against Riopelle, on the law side of the Wayne circuit court, upon a promissory note made by Riopelle, by A. Kraushaar as his attorney in fact, in favor of Doellner.

The bill charged that Kraushaar had been engaged in

business in the manufacture and sale of pianos in the city of New York, and that after September 19, 1869, the said businesss was carried on by said Kraushaar under the name of said Riopelle; that subsequent to that time Kraushaar had the right to bind Riopelle in the purchase of goods to be used in said business, but that he had no such right prior to that time; that subsequently Doellner brought suit in the supreme court of the city of New York, against Riopelle, to recover the price and value of a large quantity of piano ware alleged to have been sold by Doellner to Riopelle; that the latter had never been served with process in said cause within the territorial limits of the state of New York, and that Doellner obtained judgment therein.

It further alleges that said judgment was sent to this state, where Riopelle resides, for collection, and he, believing that the same had been honestly obtained, and that the piano ware, the purchase price of which was included in it, was properly chargeable to him, gave his note therefor, which is the note sued upon in the case above referred to; that a large portion of said goods, with the price of which Riopelle was charged and the amount thereof included in said judgment, was not chargeable to him; that they were sold to Kraushaar, who was insolvent; and that for the purpose of collecting the purchase price thereof, Doellner fraudulently charged Riopelle with the same; that complainant had no means of proving these facts by witnesses; that the matters were peculiarly within the knowledge of Doellner, who resided out of the jurisdiction of the court, and that complainant could not safely proceed without a discovery by Doellner.

The prayer was for a discovery, and for an injunction to restrain proceedings in the law case until Doellner had answered the bill fully.

Demurrer to this bill was sustained, and the bill dismissed.

*Otto Kirchner*, for complainant.

*Moore & Griffin*, for defendants.

PER CURIAM.

It is a settled rule that a bill of discovery will not lie where the facts sought to be discovered are within the knowledge of any witness. It is only where no one but the defendant can be found who has knowledge on the subject, that a discovery can be claimed of such defendant in aid of legal proceedings. The question is, whether any other person is informed concerning the facts, not whether his version may or may not be such as the party is willing to accept.—See *McBride v. Cicott, 4 Mich., 478.*

It is equally well settled that no discovery will be granted when the court of law where the proceedings are pending, has means of compelling the defendant to make disclosure.

In this case both of those objections are apparent. The facts appear to be within the knowledge of Kraushaar, who can be called as a witness, or whose testimony can be taken in some way.

And the defendant can be examined as a witness, personally or by commission, and the court at law can grant such stays and continuances as may be necessary to secure it.

Since the statutes have allowed parties to become general witnesses, there seems to be no further office for a bill of discovery. It was never as desirable means of obtaining the testimony of a party as the present method. But it was the only means formerly existing whereby any disclosure could be enforced in aid of legal proceedings. It was always an exceptional process, confined to the necessity of

26 MICH.—14.

the case, and when the necessity does not exist there is no room for the practice. It has always been held that when a court of law could enforce the production of documents or any other disclosure required by a party of his adversary, that was a complete answer to a bill of discovery, and now this can be done in all cases more readily and completely than was possible by bill.

The demurrer was properly sustained.