JAMES MCCREERY ET AL. v. GEORGE P. COBB, CIRCUIT JUDGE OF BAY COUNTY.

*Equity practice—Judgment creditors—Bills of discovery—Corporations—Exceptions to answer.*

1. The decision in *Riopelle v. Doellner*, 26 Mich. 102, and in *Shelden v. Walbridge*, 44 Id. 251, that, since parties have become general witnesses under our statutes, a bill of discovery will not lie where the facts sought to be discovered are within the knowledge of any witness, applies to a bill of discovery in aid of a suit at law.

2. The statute making parties competent witnesses did not repeal the statutory provisions (How. Stat. §§ 6614, 6615, 6617, 8168, 8169) giving the chancery court power to compel a discovery in suits by judgment creditors to enforce their judgments;

citing *Hubbard v. McNaughton*, 43 Mich. 223; *Turnbull v. Lumber Co.*, 55 Id. 392.

3. A complainant is not entitled to file exceptions to the voluntary answer of a corporation officer to a judgment creditors' bill, especially when the answer contains an express denial of the charges made in the bill.

*Mandamus.* Argued October 25, 1892. Denied November 18, 1892.

Relators applied for *mandamus* to compel a discovery in a judgment creditors' suit. The facts are stated in the opinion.

*J. L. Stoddard,* for relators.

*Pratt, Van Kleeck & Gilbert* and *C. L. Collins,* for respondent.

PER CURIAM. Petitioners filed a bill in chancery against the Bancroft-Thompson Company, a corporation, and against its stockholders and directors, and against the members of a mercantile firm known as " C. R. Hawley & Co." Petitioners had obtained a judgment against the corporation, and then filed this a judgment creditors' bill against the defendants, charging fraud. The fraud is alleged to consist in the non-payment of the capital stock, the withdrawal of the capital stock by the directors and stockholders, the fraudulent giving and foreclosure of a chattel mortgage, the fraudulent purchase of goods by Hawley, one of the stockholders and directors, when the corporation was insolvent, and the fraudulent purchase of goods by the firm at the mortgage foreclosure sale.

The bill is in the usual form, and prays for a discovery as to the assets of the firm of Bancroft, Thompson & Co. turned over to the corporation, and the liabilities of said firm assumed by the corporation; when and how such liabilities were paid; for an inventory of all the property and

effects sold under the mortgage; of all accounts, choses in action, and bills receivable that defendant Bancroft took possession of, and of all moneys, securities, and property collected or received by him, and all accounts or claims that were settled at less than their face value; and of all money and property that were received by the directors and stockholders of said corporation. In brief, the bill prays for a discovery of all the dealings and transactions of the corporation, and of its directors, and all the dealings of the firm with it. The bill prays for answer under oath.

The answer, which is under oath, contains a full and specific denial of all the charges of fraud made by the bill, but does not disclose the evidence prayed for. The answer contains an offer on the part of the defendants to submit to an examination under oath touching these matters, and to produce all books and papers relating thereto in their possession.

Complainants filed exceptions to the answer. These exceptions were referred to a circuit court commissioner, who made a report sustaining some exceptions and overruling others. Upon a hearing of this report, the court held—

"That the practice of excepting to answers for insufficiency has been superseded, and rendered obsolete, by the statutes making parties to suits generally competent to testify as witnesses, and that such practice is no longer permissible, or, if permissible, is not obligatory on the courts, but rests in their discretion."

The court thereupon entered an order sustaining the exceptions made on the part of the defendants, and overruling those on the part of the complainants. The order recites that it was made "without considering the merits of said exceptions to said answer." In his answer respondent says that, in passing upon the questions described in the said order, he came to the conclusion that the practice

of excepting to answers for insufficiency, as a matter of right, was obsolete; that the allowance of such exceptions under the present practice was within the discretion of the court; that he examined the bill of complaint, the answer excepted to, the exceptions to the answer, the report thereon, and the exceptions to said report, so far as to satisfy himself that, under the practice, complainants' exceptions should be overruled, but that he did not examine into the merits of each exception, as he would have done under the old practice.

The exceptions to the answer relate only to those matters as to which discovery is sought. In this respect the bill is one purely for discovery. It seeks evidence, to be used upon the hearing of the case. Under the liberal rules of practice in our chancery courts, this evidence can be readily obtained by the testimony taken before a commissioner or in open court. The court can upon application order all the books of the defendants to be produced for the examination of complainants, and this in ample time to permit complainants to prepare for the final hearing.

This Court has decided that, since parties have become general witnesses under our statutes, a bill of discovery will not lie where the facts sought to be discovered are within the knowledge of any witness. *Riopelle v. Doellner,* 26 Mich. 102; *Shelden v. Walbridge,* 44 Id. 251. It is apparent in this case that there is no more necessity for a discovery than existed in the cases above cited. The evidence can be as easily and readily obtained in this case as in those. Those cases must therefore govern this, unless it is taken out of the rule by the statutes in regard to judgment creditors' bills (How. Stat. §§ 6614, 6615), and the statutes in regard to proceedings against corporations (How. Stat. chap. 281, §§ 8168, 8169).

How. Stat. § 6617, expressly provides for filing a bill

of discovery where the defendant is charged with having given a warrant of attorney to enter up a judgment, or with having confessed or suffered any judgment, when nothing or only a part of the sum claimed is due.

The first two sections above cited provide for a judgment creditors' bill to compel the discovery of property belonging to the defendant. Section 8168 provides that the court may compel a corporation to discover any stock, etc., belonging to it, the transfer and disposition thereof, the consideration, and all the circumstances of such disposition. Section 8169 provides that every officer, agent, or stockholder of a corporation may, under the circumstances mentioned therein, be compelled, in the discretion of the court, to answer a bill filed to obtain discovery. Section 8170 provides that no answer of an officer or agent of a corporation shall be compelled unless by special order of the court.

Technically, a bill of discovery is one brought in aid of a suit at law, and such was the bill held to have become obsolete in *Riopelle v. Doellner*.

In *Hubbard v. McNaughton*, 43 Mich. 223, this Court recognized the right to seek a discovery in a judgment creditors' bill. Mr. Justice CAMPBELL, speaking for the Court, said:

"No universal rule can be laid down where most of the facts must necessarily be within the knowledge of defendants. Under the old practice, before parties became competent as witnesses, it was often necessary to draw out such matter by discovery, and it is still competent, although not common, to do so."

Again, the right to compel discovery in such a suit was recognized still to exist in *Turnbull v. Lumber Co.*, 55 Mich. 392. It is clear from these two decisions that this Court understood the decision in *Riopelle v. Doellner* to apply to the bill of discovery in aid of a suit at law. It

must be remembered that there are no express provisions of the statute in regard to bills of discovery in aid of a suit at law. , In view of the decisions above cited, and the express provisions of the statute in regard to judgment creditors' bills, we do not think that such provisions were repealed by the statute making parties witnesses. We therefore hold that the right of discovery in such cases still exists.

As appears by the petition in this case, the answer to which these exceptions were taken was that of Mr. Bancroft, one of the officers of the company. Under the statute above cited, a special order of the court was necessary to compel such answer. This was not obtained. His voluntary answer did not, therefore, entitle the complainants to file exceptions to it, especially since his answer is an express denial of the charges made.

Furthermore, discretion to compel such discovery is lodged in the court, and his return shows that he exercised that discretion, although not to the full extent that he would have done had he not regarded the practice obsolete. As already stated, complainants can compel discovery by causing to be produced the books and papers relating to the transactions, and by the testimony of witnesses before the court. It is apparent that a compliance with the prayer of the bill would require the expenditure of considerable time and money on the part of the defendants, and when it is remembered that the allegations of fraud in the bill are mainly upon information and belief, and are expressly denied, this Court ought not to interfere by the discretionary writ of *mandamus*.

It therefore follows that the writ must be denied.