REMICK *v.* BRADLEY.

CREDITOR'S BILL—DISCOVERY—RECEIVERS—GENERAL ASSIGNMENT
—EXEMPTIONS.

A judgment debtor cannot be compelled to make a general assignment of all his property, including that which is exempt, to a receiver, under 2 How. Stat. §§ 6614, 6615, providing for a discovery of the property of such debtor, and a decree for the satisfaction of the judgment out of any property belonging to him, but further providing that such act shall not apply to property exempt from execution.

Appeal from Wayne; Hosmer, J. Submitted January 25, 1899. Decided February 21, 1899.

Creditor's bill by Jerome H. Remick against Herbert Bradley. Defendant was adjudged guilty of contempt in refusing to comply with an order directing the assignment of all his property to a receiver appointed by the court, and he appeals. Reversed.

*Warner, Codd & Warner*, for complainant.

*Walter Barlow*, for defendant.

MOORE, J. Complainant obtained a judgment against defendant for upwards of $400·in an action at law. An execution was issued and returned unsatisfied. Complainant then filed a creditor's bill, and obtained the appointment of a receiver. The order appointing a receiver also provided that defendant should appear before a commissioner,—

"And assign, transfer, and set over to such receiver, on oath, all his property, equitable interests, things in action, and effects, and all books, papers, and vouchers relating thereto, and that he appear before said commissioner from time to time, and produce such books and papers, and sub-

mit to such examination, as the said commissioner shall direct, in relation to the matters of such receivership."

The defendant was examined before a commissioner, and made a disclosure of the property he claimed to own. He declined to make a general assignment of his property to the receiver. He was cited before the court to show cause why he should not be punished for contempt of court. He assigned among other reasons why he should not be punished for contempt of court the following:

"1. That 2 How. Stat. §§ 6614, 6615, under the provisions of which statutes the bill was filed in the cause, do not contemplate the execution of a general assignment of property and effects, as provided for by the order of the commissioner.

"2. That he did not refuse to sign and deliver to the receiver an assignment of the property which his examination before the commissioner disclosed him to own, and not exempt from execution; that the examination was taken in shorthand by a stenographer, and disclosed his ownership of the undivided one-half of lots 164 and 165 of Mary E. Armstrong's subdivision of the west part of the La Fountaine farm, north of Grand River avenue, in Detroit, Michigan, and that said lots had four houses thereon, and were worth $5,000, or thereabouts, as he was informed and believed; that said lots were incumbered by mortgage to the amount of $2,300, with about $160 interest due thereon, and about $50 unpaid taxes on the lots; that his interest in said lots was ample security to pay the $471.70 judgment of the complainant against him, and all costs he might be put to in collecting the same, and that there would be a surplus to return to the defendant after the complainant's claim was satisfied, and that his interest in the lots was the only property he had, not exempt from execution; that he offered to assign the same before said commissioner over to said receiver, but such assignment was refused by said commissioner and receiver."

He also filed a sworn answer to the bill of complaint, in which it was stated, among other things,—

"That the only other property, save said lots, that this defendant has, is some household goods and office furni-

ture, all of which are exempt from sale on execution; and this defendant says, to the best of his information and belief, that he has no other property, money, or effects, or legal and equitable debts, claims, and demands due him that are collectible."

The court made an order adjudging the defendant guilty of contempt, in having willfully disobeyed the court, and containing a further order that the defendant, within 24 hours after the filing of an additional bond, execute and deliver to the receiver an assignment of all his property, equitable interests, and things in action, and that in default thereof he be imprisoned in the common jail of the county of Wayne until he should so execute the same, and pay the costs of the proceeding.

It is urged on the part of complainant that our statute is identical with the New York statute, and that this proceeding is justified by 2 Barb. Ch. Prac. p. 147, and the order by page 167 of the same authority.

The provisions of our statute are as follows:

"SECTION 6614. · Whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant, and any other persons, to compel the discovery of any property or things in action belonging to the defendant, and of any property, money, or things in action due to him, or held in trust for him, and to prevent the transfer of any such property, money, or things in action, or the payment or delivery thereof to the defendant, except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the defendant.

"SEC. 6615. The court shall have power to compel such discovery, and to prevent such transfer, payment, or delivery, and to decree satisfaction of the amount remaining due on such judgment out of any property, money, or things in action belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in chancery, whether the same were originally liable to be taken in execution at law or not: *Provided,* this act shall not apply to property exempt from execution."

119 MICH.—26.

This proceeding is a statutory one, and the court cannot go beyond the power conferred by the statute. The New York statute does not contain the provision in section 6615, reading, "*Provided*, this act shall not apply to property exempt from execution." The legislature has provided that certain property belonging to debtors shall be exempt from levy and sale upon execution. This right of exemption is recognized in the statute, and must be respected by the courts. When an order was made requiring the debtor to assign his exempt property, the court exceeded its authority.

The order is reversed, with costs of this court to the defendant.

The other Justices concurred.