SAGINAW COUNTY SAVINGS BANK *v.* DUFFIELD.

1. CREDITORS' BILLS—ABATEMENT—RECEIVERS.

   Filing a creditor's bill, and obtaining an injunction against the transfer of debtor's property or securing the valid appointment of a receiver during the life of a judgment debtor, gives the creditor a lien on the assets of the defendant which takes precedence over the rights of the personal representatives after the death of the judgment debtor.

2. SAME — POSSESSION OF ASSETS — EXECUTORS AND ADMINISTRATORS—RECEIVERS.

   The right of the receiver to possession of the property authorizes him to take all the property of deceased from the personal representatives.

3. SAME—PLEADINGS—DESCRIPTION.

   That the bill of complaint does not specifically describe the property of deceased in no way affects the right to a lien.

4. SAME—DECREE.

   Alternative provisions in the decree allowing the executor to pay the judgment or deliver assets of that amount to the receiver, do not prejudice the estate.

5. SAME—RELEASE.

   Filing with the commissioners on claims a statement of all the proceedings releases no rights of the creditor.

Appeal from Wayne; Rohnert, J. Submitted June 16, 1909. (Docket No. 120.) Decided July 6, 1909.

Judgment creditor's bill by the Saginaw County Savings Bank against Henry M. Duffield, executor of the last will and testament of Thomas Pitts, deceased. From a decree for complainant, defendant appeals. Affirmed.

*L. T. Durand* (*De Forest Paine*, of counsel), for complainant.

*H. M. & D. B. Duffield*, for defendant.

McAlvay, J. Complainant was a judgment creditor of Thomas Pitts and Frank W. Wheeler to the amount of $4,054.06 damages and costs of suit taxed at $32.20 upon a judgment rendered in the Wayne circuit court in its favor January 5, 1906. An execution, duly issued for the collection of this judgment, was returned unsatisfied. On or about July 10, 1906, the judgment creditor's bill in this cause was filed against both defendants, asking for a sworn answer from each, and for discovery of property to apply to the satisfaction of the judgment, and praying for an injunction and a receiver. Subpœna and injunction were issued and personally served upon both defendants. On November 20, 1906, defendant Pitts paid $2,000, which was credited. The balance upon the judgment remains unpaid. On April 25, 1907, the bill was taken as confessed by each of the defendants. Copies of the bill of complaint and notice of the application to appoint a receiver were afterwards served on defendants, Pitts and Wheeler, and upon a hearing Charles E. Hilton was duly and regularly appointed receiver of all the property of both Pitts and Wheeler. He qualified by giving the required bond, and entered upon the duties of his office. A summons was issued by the circuit court commissioner, directing each of these defendants to appear to be examined and make discovery, as was provided in the order appointing a receiver.

It was served on defendant Pitts, who was in poor health, and who through his attorney appeared and obtained adjournments of the hearing from time to time until in July, 1907, when he was compelled to leave the State on account of his health. He died absent from the State October 28, 1907. He left a will, which appointed defendant Duffield his executor. The cause was revived, and proceeded against defendant Wheeler and the executor of Pitts. Complainant filed with the commissioners on claims of the Pitts estate its claim, setting forth its history and the proceedings had in this cause, claiming that by reason thereof it had a lien upon the assets of said estate prior to other creditors, and that its claim should be allowed as a preferred claim. Defendant Duffield filed a plea in abatement to the bill of complaint. The stipulation allowing the amended plea provided that upon filing the same the cause might be set for argument.

"And, the facts stated in the bill and plea being stipulated hereby, the court may make a final decree in the cause, and determine and declare whether or not the complainant has a prior and paramount lien on the assets of the estate of Thomas Pitts, deceased, by reason of the proceedings had and taken on its behalf in this cause."

Under this stipulation a final hearing was had, and a decree granted, sustaining the contention of complainant, decreeing and establishing that by the proceedings taken complainant acquired a good and valid lien upon all the property of every nature belonging to the defendants, Pitts and Wheeler, to secure the payment of the judgment indebtedness to said complainant, including all costs, and the receiver's costs herein, which lien continues a prior lien thereon as against the general creditors of the estate of defendant Pitts, and decreed and established said lien, and ordered that the same be certified to the probate court as a judicially established and allowed claim against the estate of defendant Pitts, and that an execution might issue against the property of defendant Wheeler. It was further decreed that defendant Duffield

as executor discharge such lien out of the assets of the estate of defendant Pitts, or that he deliver to the receiver the assets of said estate, now or hereafter in his hands, sufficient to satisfy the amount of this lien, and further authorized the receiver to institute all necessary proceedings to insure the recovery of any assets of said estate to satisfy the same, and ordered a copy of said decree to be filed in said estate in the probate court. From this decree the executor has appealed.

The questions raised by him before this court are:

"*First.* Had the complainant established a lien at the time of the death of Pitts *on all his property of every name and nature,* or did the cause abate as to the executor as the representative of his other creditors?

"*Second.* In case the court finds such a lien to have been established, can the receiver take all the property of the estate out of the hands of the executor, and out of the control and jurisdiction of the probate court, and into his possession, and collect the complainant's debt therefrom?"

Defendant executor urges that no lien was established at the time of the death of defendant Pitts upon his property by the proceedings relied upon, and contends that the rule had been settled by this court to that effect in the following cases: *Jones* v. *Smith,* Walk. Ch. (Mich.) 115; *German American Seminary* v. *Saenger,* 66 Mich. 249 (33 N. W. 301); *Beith* v. *Porter,* 119 Mich. 365 (78 N. W. 336, 75 Am. St. Rep. 402). It must be conceded that, if the case at bar cannot be distinguished from the cases cited, complainant has no lien upon any of the assets of this estate, and the decree in his favor must be reversed and the bill dismissed. The proceedings in this case had proceeded upon personal service, duly had upon both defendants, of the subpœna and injunction. The bill had been taken as confessed by both. The receiver was appointed after personal service of the notice of the application and of copies of the bill of complaint, and immediately after such appointment the receiver qualified and entered upon the duties of his office. The summons to

appear for examination and disclosure was duly served on defendant Pitts, and by request of his attorney, on account of his sickness, adjournments were had.  He never recovered, and no disclosure was made.

The case of *Jones* v. *Smith, supra,* was a petition to revive a judgment creditors' suit against the personal representatives of a deceased debtor, and it was held that the filing of a judgment creditor's bill, without answer or the appointment of a receiver, creates no lien upon the debtor's property, and the case may not be revived against the personal representative.  The court held that this was so because "the suit had not progressed so far as to create a lien."  The court said:

" The statute does not make the filing of the bill a lien on the property of the debtor.  It authorizes the court to decree a satisfaction of the amount remaining due on the judgment out of any personal property, money, or thing in action belonging to the debtor, and arms the court with power to compel a discovery of the debtor's property, and to prevent his transferring it."

In *German American Seminary* v. *Saenger, supra,* the case of *Jones* v. *Smith* was cited and approved. The question decided was whether a lien had attached in the case of a judgment creditor's bill where no injunction or receiver had been prayed for or granted, and whether the action survived.  The court said:

" The usual practice in suits by judgment creditors is to obtain in due season, where the facts warrant it, the appointment of a receiver, who is to collect and apply the assets.  The statute does not, and the rules do not, declare any lien to be created by merely filing a creditor's bill. Until the debtor is enjoined from dealing with his property there is nothing in the law to prevent any honest disposition of it, and until a receiver is appointed, there is nothing which will act upon the property itself.  Except for the statute, a judgment creditor's bill is like any other suit, a mere personal litigation.  Until the assets are arrested and held in some way, the death of the defendant leaves them subject to administration."

In *Beith* v. *Porter, supra,* the question as to the abate-

ment of a judgment suit upon the death of the debtor was again before the court, and it was said, relative to the two cases just discussed:

"If we are to construe those cases as authority for the broad doctrine that all proceedings upon a creditor's bill abate upon the death of the debtor, except when execution has been levied, or the property taken in charge by the court, they are conclusive in this case, and only by overruling those cases can the bill be sustained."

In approving these cases the court declared that they established the doctrine in this State. These cases go to this extent, and no further:

"That all proceedings upon a creditor's bill abate upon the death of the debtor, except when execution has been levied, or the property taken in charge by the court."

In all of them the intimation by the court is strong that the issuing and service of an injunction, or the regular appointment of a receiver, would create a lien upon the assets of the decedent, and the suit would survive his death. These cases have been considered somewhat at length, in order that the distinction between them and the case at bar may be apparent. In this case the proceedings held by the court to be necessary to create a lien upon assets and to prevent the abatement of the suit were had. An injunction was prayed for, granted, issued, and personally served upon defendant Pitts. The bill also prayed for a receiver, who was appointed and qualified during Pitts' lifetime, and of which he had notice, as well as notice to appear for examination and disclosure of assets. Inferentially the cases relied upon by the executor are authority for holding that in this case a lien had been created, and the suit did not abate.

By the injunction defendants were prohibited and restrained from interference with, or making disposition of, any and all property whatever. The order appointing the receiver established a receivership over the entire effects, clothed him with the usual powers of a receiver,

authorized him to take immediate possession of such effects, and commanded each of the defendants to deliver over to the receiver all of such property, interests, and effects. By either or both of these proceedings the assets of the defendants were impounded and held by the court. Authorities need not be cited to the proposition that any interference with, or transfer of, the defendants' assets by them, or either of them, would be punishable as for a contempt of court. It is the law that the title of the receiver and his right to possession vest by relation back to the date of the order appointing him.

" It is sufficient that the court has assumed jurisdiction over the property in controversy by appointing a receiver, and it is, therefore, as much in the possession of the court as if already in the hands of its receiver." High on Receivers (3d Ed.), § 136.

It is claimed that, even if a lien had been established by the proceedings which complainant had taken, nevertheless a lien would not attach, because no specific property and assets were described in the bill of complaint. These proceedings were taken under our statute (sections 436, 437, 1 Comp. Laws), providing for judgment creditors' bills, authorizing filing the same to compel the discovery of any property or things in action belonging to defendant, or money, etc., due to him, and to prevent the transfer of any such property (with certain exceptions). Complainant has followed the requirements of the statute, and Chancery Rule 30. This was a bill for a discovery. The bill set forth that defendant Pitts had equitable interests in certain property, giving a description of a long list of the same, and prayed discovery, etc. The description was as specific as would be possible in a majority of these cases. The statute provides, not only for compelling discovery by the court, but also power to decree satisfaction of the judgment out of any property, money, or other things belonging to defendant. This authorizes payment out of the property found. To hold as contended by defendant executor would defeat the purpose of the suit and

of the disclosure, and would take from the statute the beneficial effect it intended to give suitors. Under this statute the lien would attach to the effects which might be ascertained, to the amount of the judgment.

The lien of complainant upon the assets of this estate is certainly superior to the claims of all unsecured creditors; and, if this property, upon disclosure in this case, would have been turned over to the receiver, then it logically follows that this lien is superior to the rights of the personal representative. In effect it can be no different from a mortgage lien on property. Death of a mortgagor, and the administration of his estate, would not operate to make the mortgagee contribute to the expenses of last sickness, etc. In this case the same rule would apply, except as to property exempted by this statute.

We do not think that the terms of the decree, in the alternative, allowing the executor to pay complainant's judgment out of the assets of the estate, or deliver the assets to that amount to the receiver, work any hardship against the executor. If the estate should prove to be solvent to the extent of complainant's judgment and the claims which the executor would be required to pay before distribution, the question could not arise. If the estate is not sufficient for such purposes, the court cannot take from complainant that which rightfully belongs to it. By filing this claim with the commissioners on claims, giving a complete history of it and of all the proceedings, complainant released no right. The record shows that it gave a full statement of the judgment relied upon, the amount paid thereon, and the history of the proceedings under its creditor's bill, as herein fully set forth.

The decree of the circuit court is affirmed, with costs.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.