CRAWFORD v. WAYNE CIRCUIT JUDGE.

1. BANKRUPTCY—TRUSTEES—JUDGMENT CREDITOR.
    Trustees in bankruptcy under 30 U. S. Stat. 557, as amended
    by Act June 25, 1910, chap. 412, § 8; 36 U. S. Stat. 840, have
    the same rights, remedies, and powers as judgment creditors
    holding execution duly returned unsatisfied.

2. CREDITOR'S SUIT—DISCOVERY—ANSWER TO INTERROGATORIES.
    Upon a motion to compel a discovery by a trustee in bank-
    ruptcy as complainant in a judgment creditor's bill, Chancery
    Rule 30 (b), vests in the trial court a judicial discretion to
    compel a further or more specific answer, and its action
    denying such motion will only be reversed on mandamus if
    there is an abuse of discretion.

3. MOTIONS—SPECIAL MOTION.
    A special motion is one which is not a matter of course to
    grant, but which the court in the exercise of its discretion
    may, on the showing made, either grant or refuse.

Mandamus by Milo H. Crawford, trustee in bankruptcy
of the estate of Fred C. Ross, to compel Henry A. Man-
dell, one of the Wayne circuit judges, to vacate an order
denying relator's application for a more specific answer
and discovery in a judgment creditor's suit. Submitted
June 22, 1911. After the death of HOOKER, J., the case
was re-submitted on November 22, 1912. ( Calendar No.
24,659.) Writ denied November 27, 1912.

*Harry M. Lau* and *Abram W. Sempliner* (*Keena,
Lightner & Oxtoby*, of counsel), for relator.

*E. T. Berger*, for respondent.

STEERE, J. In this proceeding relator seeks by man-
damus to compel the circuit court of Wayne county, in
chancery, to set aside an order made by it on the 17th day
of May, 1911, in which it denied relator's motion for an
order to compel certain defendants in a chancery suit there

pending, to more specifically answer, under oath, certain interrogatories touching allegations of fraud, contained in a creditor's bill of complaint filed against them for discovery, and to make a more full disclosure of facts in relation thereto. The principal question involved is whether, under the provisions of sections 436 and 437, 1 Comp. Laws (4 How. Stat. [2d Ed.] §§ 11953, 11954), in connection with subdivision "*b*" of Chancery Rule 30, it is obligatory or discretionary with the trial court to grant complainant's motion for an order requiring further disclosure and more specific answer setting forth the particular facts called for in a creditor's bill.

On the 1st day of August, 1910, relator was duly appointed trustee in bankruptcy of the estate of one Fred. C. Ross, who was adjudicated a bankrupt by the United States district court for the eastern district of Michigan. The schedule of assets and liabilities filed in bankruptcy proceedings by said Ross represented that he was not possessed of any assets and was owing debts amounting to over $10,000. Relator, in his capacity as trustee, succeeding in collecting into said estate, for the benefit of its creditors, in money and property between $2,100 and $2,200, on February 6, 1911, filed a bill of complaint in the Wayne county circuit court in chancery against said bankrupt, his brother George W. Ross, Daniel A. Ross, his father, and the Michigan Lumber Yard, for the purpose of collecting for said estate certain equitable assets alleged to belong to said bankrupt and to be held by the other defendants for the purpose of defrauding the creditors of said estate.

The bill was filed under authority of the bankruptcy law of 1898, § 47, as amended on June 25, 1910, the material portion of which reads as follows:

"Trustees as to all property in the custody, or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the

bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

It was alleged that the property sought to be reached by said bill was not within the custody of the bankruptcy court, but unlawfully withheld, and that therefore the trustee stood in the same position as a judgment creditor, and had the same rights under said sections 436 and 437 to file a creditor's bill for the purpose of reaching equitable assets of said estate wrongfully withheld under the provisions of said section 436. The bill of complaint demanded a sworn answer by all of said defendants, and sought discovery from them in relation to matters alleged to be entirely and peculiarly within their knowledge by reason of their relationship with the bankrupt.

Complainant claimed that the defendants in their answer ignored and refused to answer certain interrogatories propounded in said bill, simply filing a general unsworn answer denying that complainant was entitled to the relief prayed for. Complainant therefore filed a motion in the circuit court on the 26th of April, 1911, asking for an order that defendants file a sworn answer and specifically make reply under oath to certain interrogatories in said bill. This motion was at first denied, but, on its being subsequently renewed, the order denying the same was set aside, and defendant Daniel A. Ross was required to make answer under oath within two weeks; the remainder of the relief asked for being again denied. That relator, as trustee in bankruptcy, stood in the position of, and with the same statutory rights as, a judgment creditor, with an execution returned unsatisfied, seems clear.

For consideration of the question involved, it need only be said of complainant's lengthy and carefully prepared creditor's bill that it contains such averments, allegations, and interrogatories as to render Chancery Rule 30 and said sections of the statute relative to creditor's bills applicable, and complainant's motion proper in practice. If the court, when required to act upon such special motion

for further answer and disclosure, had no discretionary power, the proceedings were in such form as entitled complainant to the order asked for. If the court was vested with authority to exercise judicial discretion, we cannot hold that there was an abuse of the same. The return of respondent to the order issued herein to show cause why a writ of mandamus should not issue shows, amongst other things, that a sworn answer of Daniel A. Ross was filed as ordered and is now of record with a verified answer of the other defendants; that the answer of said defendants specifically denies each and every allegation of fraud contained in said bill; that said answer consists of 38 paragraphs, each one of which categorically answers the corresponding paragraph in the bill of complaint, and "respondent believes that the petitioner's bill of complaint has been fully and specifically answered by the answer filed by the defendants for the purposes of this case, by reason whereof more specific answers to the separately enumerated paragraphs in the prayer for relief are unnecessary and improper and not contemplated by the requirements of our practice;" that, as is shown by the bill of complaint—

"There has been full, complete, and exhaustive examination of the affairs of the bankrupt in the bankruptcy court before the referee thereof, at which examination George W. Ross, Fred C. Ross, and the officers of the Michigan Lumber Yard were examined and at which time all the facts alleged in said bill of complaint were disclosed and the complainant given an opportunity to fully examine and cross-examine said witnesses; that by reason of said examination this respondent believes that all the matters to which discovery is sought in this action are as well within the knowledge of the petitioner as within that of the defendants to this cause.   *   *   *   The petitioner's bill of complaint, while alleging acts of fraud, all of which the answer of the defendants under oath specifically denies, makes no showing of any necessity for such specific answer and discovery. It seems proper to this respondent that, until there has been a trial and adjudication in open court of the issues joined by the defendants' answer, no

drastic orders or requirements should be imposed upon the defendants, and until such trial and hearing, at which time the complainant has full, complete, and adequate opportunity to examine the defendants in open court, to summon witnesses, and to produce testimony, it cannot be said that the complainant and petitioner is in any manner injured or justice retarded."

The sections of the statute relied upon by complainant are as follows:

"(436) SEC. 24. Whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant, and any other person, to compel the discovery of any property or things in action belonging to the defendant, and of any property, money or things in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or things in action, or the payment or delivery thereof to the defendant, except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the defendant.

"(437) SEC. 25. The court shall have power to compel such discovery, and to prevent such transfer, payment or delivery, and to decree satisfaction of the amount remaining due on such judgment, out of any property, money, or other things in action belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by proceedings in chancery, whether the same were originally liable to be taken in execution at law or not:  Provided, this act shall not apply to property exempt from execution."

Subdivision "*b*" of Chancery Rule 30 provides that:

"(*b*) When the complainant in such creditor's bill shall have a right by statute to a discovery and disclosure of facts from the defendant, the defendant shall in his answer fully and explicitly set forth the particular facts called for.  If he fail so to do, the complainant may have his right to a further answer and disclosure determined by the court on special motion, and the court may enforce its order thereon by the attachment of the defendant, and may strike such insufficient answer from the files."

173 MICH.—8.

This rule prescribes the practice to be followed in moving the court to exercise the authority conferred under said section 437 to compel discovery.

If relator's contention is correct, it follows that, when a special motion is made under Chancery Rule 30 for further answer and discovery, complainant is entitled, as a matter of right, to the order asked, which then is an order of course, in effect a common order, made and entered in the discretion of the solicitor, and not of the court, on a formal showing in compliance with the course of procedure defined by rule and statute. While the exact question has not heretofore been squarely presented, we do not think the construction contended for has been recognized in previous cases before this court where those provisions of the statute and rule relative to creditor's bills were under consideration; but rather, so far as any intimation is found, to the contrary. The general subject is remotely touched upon in the following cases: *Turnbull* v. *Lumber Co.*, 55 Mich. 387 (21 N. W. 375); *McCreery* v. *Bay Circuit Judge*, 93 Mich. 463 (53 N. W. 613); *Remick* v. *Bradley*, 119 Mich. 399 (78 N. W. 326); *Avery* v. *Cemetery Co.*, 127 Mich. 125 (86 N. W. 538); *Saginaw County Sav. Bank* v. *Duffield*, 157 Mich. 522 (122 N. W. 186, 133 Am. St. Rep. 354). The case coming closest to the question before us is *McCreery* v. *Bay Circuit Judge, supra*, which recognizes that the remedy by discovery is generally obsolete by reason of the statute making parties to a suit competent witnesses, but holds that these statutory provisions in regard to judgment creditor's bills, authorizing discovery in such cases, are still in force. It was there said:

"Furthermore, discretion to compel such discovery is lodged in the court, and his return shows that he exercised that discretion, although not to the full extent that he would have done had he not regarded the practice obsolete. As already stated, complainants can compel discovery by causing to be produced the books and papers relating to the transactions, and by the testimony of witnesses before the court, * * * and when it is remembered

that the allegations of fraud in the bill are mainly upon information and belief, and are expressly denied, this court ought not to interfere by the discretionary writ of mandamus."

In the early case of *Hubbard* v. *McNaughton*, 43 Mich. 220 (5 N. W. 293, 38 Am. Rep. 176), it was said by Justice CAMPBELL:

" No universal rule can be laid down where most of the facts must necessarily be within the knowledge of defendants.   Under the old practice, before parties became competent as witnesses it was often necessary to draw out such matter by discovery, and it is still competent, although not common, to do so."

To hold that the trial court has no discretionary powers under Chancery Rule 30 would be to lay down a universal rule of law relative to discovery.

Respondent returns that upon hearing the motion, in the exercise of his best judicial judgment and discernment, acting as seemed to him just and proper under the circumstances, he did not deem it expedient nor demanded by justice or equity to then order discovery and further answer, and therefore denied the motion.   The statute does not say the court must, but that it " shall have power to," compel such discovery; the decisions say in such cases " no universal rule can be laid down," and " discretion to compel such discovery is lodged in the court;" the rule says the complainant may have his right to further answer, etc., " determined by the court on special motion."

Chancery Rule 30 was promulgated by this court, and we can assume that the technical legal terms there found were used, and intended to be understood, according to their long-recognized and well-settled meaning as words of practice.   It is to be noted that the application to the court is required to be made by "special motion."   A special motion is—

" One which it is not a matter of course to grant, but which the court, in the exercise of its discretion, may, on

the facts established in support of the application, either grant or refuse." 2 Daniell's Chancery Pleading and Practice (4th Ed.), p. 1592.

"A motion addressed to the discretion of the court, and which must be heard and determined, as distinguished from one which may be granted of course." Black's Law Dictionary; *Merchants' Bank* v. *Crysler*, 14 C. C. A. 444, 67 Fed. 388.

To grant or refuse said special motion was discretionary with the court, and, as already stated, we cannot hold that the order complained of was an abuse of discretion.

Relator's application for a writ of mandamus is therefore denied.

MOORE, C. J., and McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.